# Exhibit "A"



1111 Lincoln Road
Miami Beach, FL  33139
www.EAG.aero

## NON-DISCLOSURE AND NON-SOLICITATION AGREEMENT

This Non-Disclosure and Non-Solicitation Agreement ("Agreement") is entered into on 6/15/2023 _____[date] ("Effective Date") by and between Elevate Aviation Group, a company with its principal place of business located at 1111 Lincoln Road, Miami Beach FL 33139 ("Employer") and _Kaci Rinn_____, an individual residing at 2000 park avenue #110 _____[address] ("Employee").

In consideration of Employee's employment and continued employment by Employer, as well as in consideration of Employee's access to and use of and continued access to and use of Employer's resources, which Employee acknowledges to be good, valuable and sufficient consideration for Employee's obligations to Employer under this Agreement, Employer and Employee agree as follows.

Employee acknowledges that nothing in this Agreement shall be construed to in any way terminate, supersede, undermine, or otherwise modify the "at-will" status of the employment relationship between Employer and Employee, pursuant to which either Employer or Employee may terminate the employment relationship at any time, with or without cause, and with or without notice.

1. <u>Employer</u>.

   a. Use of the defined term Employer in this Agreement includes all of Employer's subsidiaries and affiliates including but not limited to Private Jet Services Group, LLC, Elevate Jet, LLC and Keystone Aviation, LLC.

2. <u>Business</u>.

   a. Employer is engaged in the global business of providing all aspects of domestic and foreign air transportation services including the sale and brokerage of charter air transportation and membership programs as well as aircraft and aircraft transportation services including acquisition, ownership, valuation, financing, leasing, fiscal oversight, management, operations, safety, inspection, maintenance and revenue generation including pursuant to Federal Aviation Regulations Parts 91, 121, 125, 135 and the similar laws and regulations of foreign nations ("Business").

3. <u>Confidential Information</u>.



1111 Lincoln Road
Miami Beach, FL 33139
www.EAG.aero

    a.        "Confidential Information" means Employer's information of commercial value or other utility in the Business, and all other information which, if disclosed without authorization, could be detrimental to the interests of Employer, including but not limited to: customer names and lists; prospective customer names and lists; databases; information encompassed in all proposals; government bid materials; marketing and sales plans; financial information; costs; pricing information; vendor information; customer preference information; computer programs (including without limitation source code, object code, algorithms and models); trade secrets; proprietary information; Works for Hire; and all other confidential methods, concepts, know-how or ideas of Employer.

    b.        Confidential Information shall not include Employer's information that is generally available to and known by the public at the time of disclosure to Employee, provided that such information is not generally available to and known by the public due to any direct or indirect conduct of Employee or any person(s) acting on Employee's behalf.

4.   <u>Non-Disclosure of Confidential Information</u>.

    a.        Acknowledgments.

        i.        Employee acknowledges that in the course of employment by Employer, Employee will have and be granted access to Employer's Confidential Information, which will be necessary for Employee to fulfill the duties of Employee's employment.

        ii.        Employee acknowledges that the definition of Confidential Information is not exhaustive, and that Confidential Information includes all other information that is marked or otherwise identified or treated by Employer as confidential or proprietary, or that would otherwise appear to a reasonable person to be confidential or proprietary in the context and circumstances in which the information becomes known to or is used by Employee or Employer.

        iii.        Employee acknowledges that Confidential Information includes information developed by Employee in the course of Employee's employment by Employer as if Employer furnished the same Confidential Information to Employee in the first instance.



       iv.      Employee acknowledges that Employer has invested, and continues to invest, substantial time, money, and specialized knowledge into developing its resources including creating a customer base, generating customer and potential customer lists, training its employees and improving its offerings in the field of the Business. Employee agrees that as a result of Employer's efforts, Employer has created and continues to use and create Confidential Information and that this Confidential Information provides Employer with a competitive advantage over others in the field of the Business.

       v.      Employee acknowledges that all work prepared by Employee within the scope of Employee's employment with Employer, including ideas, creations, improvements and other works of authorship or invention, shall be the sole and exclusive property of Employer ("Works for Hire"). During Employee's employment and always thereafter, Employee shall not use, disclose, publish or make available to or on behalf of any person or entity any such Works for Hire without Employer's express written and informed permission.

   b.     For a period of time beginning from the date of Employee's employment by Employer and continuing after the termination of Employee's employment by Employer until such time that Employer's Confidential Information has become public knowledge other than as a result of Employee's breach of this Agreement, Employee agrees to:

       i.      not to, in any capacity, directly or indirectly, use, disclose, publish or make available to any person or entity any Confidential Information, except as may be necessary on behalf of Employer, on a "need to know" basis, in the ordinary course of performing Employee's duties on behalf of Employer; and

       ii.     not to, in any capacity, directly or indirectly, access, use or copy any Confidential Information, or remove any Confidential Information from the premises or control of Employer, except as required in the performance of Employee's duties to Employer.

   c.     Upon termination of Employee's employment with Employer, Employee shall immediately return to Employer all of Employer's property and Confidential Information including all copies thereof, in whatever form and in whatever medium or device maintained. For clarity, Employee shall not delete or



1111 Lincoln Road
Miami Beach, FL  33139
www.EAG.aero

destroy any such property or Confidential Information without first obtaining written consent by Employer to so delete or destroy, and Employee further agrees that the deletion or destruction of any such property or Confidential Information without Employer's written consent shall give rise to an inference of probable cause by Employer to believe that Employee has violated the terms of this Agreement.

d.      Notwithstanding any other provision of this Agreement, and in accordance with a Notice of Immunity Under the Defend Trade Secrets Act of 2016, Employee will not be held criminally or civilly liable under any federal or state trade secret law for any disclosure of a trade secret that is made: (1) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (2) solely for the purpose of reporting or investigating a suspected violation of law; or (3) is made in a complaint or other document that is filed under seal in a lawsuit or other proceeding.  If Employee files a lawsuit for retaliation by Employer for reporting a suspected violation of law, Employee may disclose Employer's trade secrets to Employee's attorney and use the trade secret information in the court proceeding if Employee: (1) files any document containing the trade secret under seal; and (2) does not disclose the trade secret, except pursuant to court order.

e.      Nothing in this Agreement shall be construed to prevent disclosure of Confidential Information as may be required by applicable law or regulation, or pursuant to the valid order of a court of competent jurisdiction or an authorized government agency, provided that the disclosure does not exceed the extent of disclosure required by such law, regulation, or order.  Employee shall promptly provide written notice of any such order to Employer's general counsel.  Nothing in this Agreement prohibits or restricts Employee (or Employee's attorney) from initiating communications directly with, responding to an inquiry from, or providing testimony before the Securities and Exchange Commission (SEC), the Financial Industry Regulatory Authority (FINRA), any other self-regulatory organization, or any other federal or state regulatory authority regarding this Agreement or its underlying facts or circumstances or a possible securities law violation.

5.      Non-Solicitation.

a.      Acknowledgements.

DocuSign Envelope ID: 1ADCEB4D-A6BA-4E2C-8184-C03DEFB578A5



1111 Lincoln Road
Miami Beach, FL 33139
www.EAG.aero

i.  Employee acknowledges that Employer operates in a highly competitive environment, and that Employer's Confidential Information and goodwill is fundamental to Employer's success and competitive position.

ii.  Employee acknowledges that the nature of Employee's position of employment by Employer gives Employee access to and knowledge of Employer's Confidential Information and goodwill and places Employee in a position of trust and confidence with Employer.

iii.  Employee acknowledges that through Employee's employment, Employee will have access to Employer's goodwill and therefore, will have the opportunity to develop relationships with Employer's customers and suppliers, and as such, that Employee's services will be of special, unique, and extraordinary value to Employer.

iv.  Employee acknowledges that Employer has expended significant expense in developing its Confidential Information as well as its goodwill.

v.  Employee acknowledges that Employer's ability to reserve its Confidential Information and goodwill for the exclusive knowledge and use of Employer is of great competitive importance and commercial value to Employer, and that improper use or disclosure by Employee is likely to result in unfair or unlawful competitive activity.

vi.  Employee acknowledges that: (i) Employee's services to be rendered to Employer are of a special and unique character; (ii) Employee will obtain knowledge and skill relevant to Employer, the Business, Confidential Information and Employer's methods of doing business and marketing strategies by virtue of Employee's employment; (iii) the terms and conditions of this Agreement are reasonable and reasonably necessary to protect the legitimate business interests of Employer; (iv) Employee would be reasonably able to earn a living including in areas of employment beyond the scope of the Business without violating the terms of this Agreement; and (v) Employee had the right to consult with counsel before signing this Agreement.



vii.    Employee acknowledges that: (i) the amount of Employee's compensation reflects, in part, Employee's obligations and Employer's rights under this Agreement; (ii) Employee has no expectation of any additional compensation, royalties, or other payment of any kind not otherwise referenced herein in connection herewith; (iii) Employee will not be subject to undue hardship by reason of Employee's full compliance with the terms and conditions of this Agreement or Employer's enforcement of it; and (iv) this Agreement is not a contract of employment and shall not be construed as a commitment by either Party to continue an employment relationship for any certain time period.

b.    <u>Non-Solicitation of Employer's employees.</u>

i.    For a period of thirty-six (36) months immediately following the termination of Employee's employment with Employer, or, if held to be unenforceable by a court of lawful jurisdiction, such shorter period allowed under applicable law, Employee agrees not to directly or indirectly solicit, hire, recruit, induce the termination of, or otherwise hire or cause to be hired by a competitor of Employer, any employee of Employer. For clarity, a competitor of Employer means any individual or entity engaged in the Business in the United States or Canada.

c.    <u>Non-Solicitation of Employer's customers or prospective customers.</u>

i.    For a period of thirty-six (36) months immediately following the termination of Employee's employment with Employer, or, if held to be unenforceable by a court of lawful jurisdiction, such shorter period allowed under applicable law, Employee agrees not to directly or indirectly solicit, contact, communicate or meet with Employer's customers or prospective customers for the purpose of offering or accepting goods or services similar to or competitive with the goods or services offered by Employer.

ii.    For clarity, Employee's non-solicitation of Employer's customers or prospective customers shall only apply to: (i) such customers or prospective customers with whom Employee had direct or indirect contact during Employee's employment with Employer; and (ii)

6

DocuSign Envelope ID: 1ADCEB4D-A6BA-4E2C-8184-C03DEFB578A5



1111 Lincoln Road
Miami Beach, FL 33139
www.EAG.aero

such customers or prospective customers who first became known to Employee during Employee's employment with Employer.

6.     Sole employment.

   a.     During the term of Employee's employment with Employer, Employee agrees to devote his full time and efforts to Employer.  Employee shall not directly or indirectly, except as a passive investor in publicly held companies (of not more than 2% of stock), engage in, or own or control any interest in, or act as principal, director, officer, or employee of, or consultant to, any firm or corporation that is in competition with the Business of Employer.

7.     Remedies.

   a.     In the event of a breach or threatened breach by Employee of any provision of this Agreement, Employee acknowledges that monetary damages will not afford an adequate remedy and that Employer shall be entitled to seek temporary or permanent injunctive relief and/or other equitable relief as a result of such breach or threatened breach, without the necessity of showing any actual damages, and without the necessity of posting any bond or other security.

   b.     Any equitable relief shall be in addition to, not in lieu of, legal remedies, monetary damages, or other available relief.

8.     Assignment; No assignment.

   a.     To the extent permitted by law, Employer may assign this Agreement to any subsidiary or affiliate or other successor or assign.  This Agreement shall inure to the benefit of Employer and its successors and assigns.

   b.     Employee shall not assign this Agreement or any part hereof.  Any purported assignment of this Agreement or any part hereof by Employee shall be null and void from the date of such purported assignment.

9.     Choice of law.

   a.     Employer and Employee agree that this Agreement shall be governed and construed in accordance with the laws of the State of New Hampshire.



10.  Choice of forum.

    a.  Employer and Employee agree that any legal action on a controversy concerning this Agreement, or an alleged breach of this Agreement, shall only and exclusively be brought in the jurisdiction and courts of the State of New Hampshire or the Federal District Court for the District of New Hampshire and shall not be brought in the jurisdiction or courts of any other state.

    b.  Employer and Employee further agree that the State of New Hampshire is a reasonably convenient place for the hearing and/or trial of any action on a controversy concerning this Agreement.

    c.  Employee consents, and waives objection, to personal jurisdiction in the state and federal courts of New Hampshire.

11.  Entire agreement.

    a.  This Agreement contains all the understandings and representations between Employee and Employer concerning the subject matter of this Agreement and supersedes any prior or contemporaneous understandings, agreements, and representations with respect to such subject matter.

12.  Modification and waiver.

    a.  No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by both parties.

    b.  No waiver by either party of any breach of any condition or provision of this Agreement to be performed by the other party shall be deemed a waiver of any other provision or condition at the same or any prior or subsequent time, nor shall the failure of or delay by either party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

13.  Severability.

    a.  If any provision of this Agreement is held by a court to be enforceable only if modified, or if any provision of this Agreement is held by a court to be unenforceable and thus is stricken, such holdings shall not affect the enforceability of the remaining provisions of this Agreement, which shall

DocuSign Envelope ID: 1ADCEB4D-A6BA-4E2C-8184-C03DEFB578A5



1111 Lincoln Road
Miami Beach, FL  33139
www.EAG.aero

continue to be binding on the parties as if originally set forth in this Agreement.

14.     Indemnification; Attorney's fees.

   a.     Employee shall indemnify and hold Employer harmless from and against any damages to Employer resulting from Employee's violation of this Agreement.

   b.     The prevailing party in any legal action concerning the enforceability and/or enforcement of this Agreement shall be awarded its full attorney's fees and costs in any such legal action.

15.     Notice.

   a.     For a period of twelve (12) months after termination of Employee's employment by Employer, Employee shall provide a copy of this Agreement to any new employer who is engaged in any commercial activity within the scope of Employer's Business.

16.     Captions.

   a.     Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

17.     Counterparts.

   a.     This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.  Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.



1111 Lincoln Road
Miami Beach, FL 33139
www.EAG.aero

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

By Employee,

Kaci Rinn

_____
(Printed name)

By Employer,

Jeannie Thorne

_____
(Printed name) on behalf of Elevate Aviation Group

Signature and date

6/15/2023

Signature and date

7/18/2023